IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Denise Dolan | : | TRIAL BY JURY |
| 2657 Almond Street | : | |
| Philadelphia, PA 19125 | : | CIVIL ACTION NO. |
|   Plaintiff | : | |
| | : | |
| and | : | |
| | : | |
| Kathleen Wible | : | |
| 40 Windmill Drive | : | |
| Holland, PA 18966 | : | |
|   Plaintiff | : | |
| | : | |
| v | : | |
| | : | |
| JAL Equity Corporation | : | |
| 3600 Torrey Pines Blvd. | : | |
| Sarasota, FL 34235 | : | |
|   Defendant | : | |
| | : | |
| and | : | |
| | : | |
| Marketing.com | : | |
| 2867 E. Allegheny Avenue | : | |
| Philadelphia, PA 19134 | : | |
|   Defendant | : | |

COMPLAINT
EMPLOYMENT DISCRIMINATION – AGE

PARTIES

1. Denise Dolan is an individual, citizen of the United States and resides at 2657 Almond Street in Philadelphia, PA.

2. Kathleen Wible is an individual, citizen of the United States and resides at 40 Windmill Drive, Holland, PA.

3. JAL Equity is an acquirer and operator of businesses in the following industries: marketing services, commercial printing and direct mail, e-commerce and fulfillment, sign manufacturing and installation, promotional products, and data services.

4. JAL Equity is a Delaware corporation, with its corporate headquarters located at 3600 Torrey Pines Boulevard, Sarasota, FL 32235.

5. Marketing.com is a Delaware corporation, engaged in the printing business, and is located at 2867 E. Allegheny Avenue, Philadelphia, PA 19134.

6. On information and belief, Marketing.com is a wholly owned subsidiary of JAL Equity Corporation and was on January 17, 2024, when both Plaintiffs were terminated.

7. This Court has jurisdiction to hear the claims of both Plaintiffs under 28 U.S.C. Sections 1331 and 1343 and 29 U.S.C. Section 626.

VENUE

8. The substantial portion of the conduct happened in Philadelphia, PA and therefore the proper venue is the United States District Court for the Eastern District of Pennsylvania 28 U.S.C. Section 1391.

FACTUAL BACKGROUND

9. Paragraphs 1 through 8 are incorporated herein as if set forth in their entirety.

10. Both JAL Equity Corporation and Marketing.com are Defendants under the ADEA.

11. Denise Dolan And Kathleen Wible were both employees of JAL Equity Corporation and Marketing.com when they were terminated on or about January 17, 2024.

COUNT I

DENISE DOLAN AGAINST JAL EQUITY CORPORATION AND MARKETING.COM

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. Denise Dolan was born on February 10, 1965.

14. In June 2015, Dolan came to work at Smith Dunlap, which was located at 2867 E. Allegheny Avenue, Philadelphia, PA 19134.

15. On information and belief, in late December 2023 or early January 2024, Smith Edwards Dunlap was purchased by Marketing.com.

16. For many years Denise Dolan worked in the Accounting Department at Smith Edwards Dunlap.

17. On information and belief, Dolan was the second oldest active employee in the Accounting Department when she was terminated, without notice or warning of any kind on January 17, 2024.

18. Several other employees in the Accounting Department, substantially younger than Dolan were not terminated. The younger employees were doing substantially similar jobs as the Plaintiff.

19. When Marketing.com purchased Smith Edwards Dunlap, Dolan was told she would retain her seniority and her vacation accrual.

20. Immediately after being terminated by Marketing.com in January 2024, Dolan's job functions were assigned to an employee substantially younger than Dolan.

21. During her employment at Smith Edwards Dunlap and Marketing.com, Dolan had an outstanding attendance and performance record in her job.

22. But for her age, Dolan would not have been terminated by Defendants.

### DOLAN COMPLAINTS OF AGE DISCRIMINATION TO THE EEOC AND THE PENNSYLVANIA HUMAN RELATIONS COMMISSION

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. On or about 2/16/24 Plaintiff Dolan filed a charge with the Equal Employment Opportunity Commission complaining of age discrimination.

25. On or about 2/16/24 Plaintiff Dolan filed a charge with the Pennsylvania Human Relations Commission complaining of age discrimination.

26. On or about 3/18/24 the EEOC issued Plaintiff Dolan a Right to Sue letter.

27. The Plaintiff timely filed this action in this Court following receipt of the EEOC Right to Sue letter.

## CLAIM FOR RELIEF
## AGE DISCRIMINATION (ADEA)
## DOLAN v MARKETING.COM AND JAL EQUITY CORPORATION

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. Plaintiff Dolan has satisfied all jurisdictional prerequisites in connection with her claim under the Age Discrimination Act.

30. The actions of both Defendants, as described above, constitute intentional age discrimination under 29 U.S.C. Section 623 (a) (l). specifically, Defendant terminated Plaintiff while retaining younger employees and indeed assigned a younger employee to the job functions previously performed by Plaintiff Dolan.

31. The actions of both Defendants toward Plaintiff Dolan were willful, entitling Plaintiff to liquidated damages under 29 U.S.C. Section 626 (b).

32. Plaintiff Dolan seeks attorney fees and costs of suit under 29 U.S.C. Section 626 (b).

## PRAYER FOR RELIEF

Plaintiff Dolan prays that the Defendants be summoned to appear and answer, and on final trial, judgment be granted against both Defendants, Marketing.com and JAL Equity Corporation, awarding Plaintiff Dolan the following:

a) Back pay and front pay, including but not limited to lost wages and employment benefits;

b) Equitable relief necessary to place Plaintiff Dolan in the position that she would have held but for the Defendants' discriminatory treatment and if such relief be infeasible, front pay;

c) Actual damages;

d) Liquidated damages;

e) Prejudgment and post judgment interest to the maximum allowed by law;

f) Attorney's fees, expert witness fees, and costs of suit;

g) Any further legal and equitable relief to which Plaintiff Dolan may be justly entitled.

## COUNT II
## KATHLEEN WIBLE AGAINST JAL EQUITY CORPORATION AND MARKETING.COM

33. Paragraphs 1 through 32 are incorporated herein by reference.
34. Kathleen Wible was born on August 14, 1959.
35. In 1991, Plaintiff Wible started with Graphic Arts, a predecessor of Smith Edwards Dunlap.
36. On information and belief, in 2011 Smith Edwards Dunlap merged with Graphic Arts.
37. On information and belief, Marketing.com acquired Smith Edwards Dunlap in either December 2023 or January 2024.
38. Marketing.com is a wholly owned subsidiary of JAL Equity Corporation, which acquired Marketing.com in either late 2023 or early 2024.
39. During the years 1991 to 2024 Plaintiff Wible was a clerical employee in the Accounting Department.
40. Plaintiff Wible was the oldest active employee in age and seniority in the accounting unit at Marketing.com when she was terminated, without warning, on January 17, 2024.
41. Several substantially younger employees in the Accounting Department, with the exception of the Plaintiff, were retained by the Defendants and two oldest, active employees, Dolan and Wible were terminated.
42. The younger employees, who were retained by Defendants, were substantially similar in position as the Plaintiffs.
43. When Marketing.com purchased Smith Edwards Dunlap, Plaintiff Wible was told she would retain her seniority and her vacation accrual.
44. Immediately after being terminated by Marketing.com in January 2024, Wible's job functions were assigned to an employee substantially younger than Wible.
45. During her employment with Smith Edwards Dunlap and Marketing.com, Plaintiff Wible had an outstanding attendance and performance records in her job.
46. But for her age, Kathleen Wible would not have been terminated by Defendants.

## WIBLE COMPLAINTS OF AGE DISCRIMINATION TO THE EEOC AND THE PENNSYLVANIA HUMAN RELATIONS COMMISSION

47. Paragraphs 1 through 47 are incorporated herein by reference.
48. On or about 3/8/24 Plaintiff Wible filed a charge with the Equal Employment Opportunity Commission complaining of age discrimination.
49. On or about 3/8/24 Plaintiff Wible filed a charge with the Pennsylvania Human Relations Commission complaining of age discrimination.
50. On or about 5/06/24 the EEOC informed Plaintiff Wible and issued her a Right to Sue letter.

## CLAIM FOR RELIEF
## AGE DISCRIMINATION (ADEA)

51. Paragraphs 1 through 50 are incorporated herein by reference.
52. Plaintiff Wible has satisfied all jurisdictional prerequisites in connection with her claim under the Age Discrimination Act.
53. The actions of both Defendants, as described above, constitutes intentional age discrimination under 29 U.S.C. Section 623 (a) (I). specifically, Defendants terminated Plaintiff while retaining younger employees, and indeed assigned a younger employee to the job functions previously performed by Plaintiff Wible.
54. The actions of both Defendants toward Plaintiff Wible were willful, entitling Plaintiff to liquidated damages under 29 U.S.C. Section 626 (b).
55. Plaintiff Wible seeks attorney fees and costs of suit under 29 U.S.C. 626 (b).

## PRAYER FOR RELIEF

Plaintiff Wible prays that the Defendants be summoned to appear and to answer, and of final trial, judgment be granted against both Defendants, awarding Plaintiff Wible the following:

   a) Back pay and front pay, including but not limited to lost wages and employment benefits;

b) Equitable relief necessary to place Plaintiff Wible in the position that she would have held but for the Defendants' discriminatory treatment and if such relief be infeasible, front pay;

c) Actual damages;

d) Liquidated damages;

e) Prejudgment and post judgment interest in the maximum by law;

f) Attorney's fees, expert witness fees and costs of the suit;

g) Any further legal and equitable relief to which Plaintiff Wible may be justly entitled.

<u>05/18/2024</u>
Date

s/ Howard K. Trubman, Esq.
Howard K. Trubman, Esq.
PA State Bar No. 24696
Attorney for Plaintiff
1650 Ma

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St. Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/18/2024

**To:** Denise Dolan
2657 Almond Street
Phila, PA 19125
Charge No: 530-2024-03781

EEOC Representative and #:   Legal Unit

(267) 589-9707

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
03/18/2024

Karen McDonough
Deputy District Director



# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/06/2024

To: Kathleen Wible
40 Windmill Drive
Holland, PA 18966

Charge No: 530-2024-05573   Kathleen Wible v. Smith-Edwards-Dunlap Company

EEOC Representative:
Legal Unit ( 267 ) 589 - 9707

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:   Karen McDonough
05/06/2024

Karen McDonough
Deputy District Director

