**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENISE DOLAN, | : CIVIL ACTION |
| and | : |
| KATHLEEN WIBLE, | : Case No. 2:24-cv-02135-MMB |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| JAL EQUITY CORPORATION, | : |
| and | : |
| MARKETING.COM, | : |
| Defendants. | : |
| | : |

## DEFENDANTS JAL EQUITY CORPORATION AND MARKETING.COM, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants JAL Equity Corporation ("JAL Equity") and Marketing.com, LLC ("MLLC") (incorrectly identified in the Complaint as "Marketing.com") (collectively, "Defendants"), by and through the undersigned counsel, hereby answer the Complaint filed by Plaintiffs Denise Dolan and Kathleen Wible (collectively, "Plaintiffs"). The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiffs' Complaint. All allegations of the Complaint not specifically admitted herein are denied.

## COMPLAINT
## EMPLOYMENT DISCRIMINATION – AGE[1]

**PARTIES**

1.      Defendants admit that Plaintiff Denise Dolan is an individual who purports to be a United States citizen residing at 2657 Almond Street, Philadelphia, Pennsylvania.

2.      Defendants admit that Plaintiff Kathleen Wible is an individual who purports to be a United States citizen residing at 40 Windmill Drive, Holland, Pennsylvania.

3.      Admitted.

4.      Admitted in part; denied in part.  Defendants admit that JAL Equity has its headquarters located at 3600 Torrey Pines Boulevard, Sarasota, Florida 32235.  Defendants deny the remaining allegations in Paragraph 4 of the Complaint.  By way of further response, JAL Equity is a Nevada Corporation.

5.      Denied.  By way of further response, MLLC is a Missouri-domiciled limited liability company.

6.      Denied as stated.  By way of further response, MLLC is a wholly owned subsidiary of JAL Equity and was so on January 17, 2024, when Plaintiffs' employment was terminated.

7.      The allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint.

---

[1] The headings contained in this Answer track the headings in the Complaint for ease of reference only.  To the extent that any headings could be interpreted as factual allegations requiring a factual pleading, Defendants deny those allegations.

**VENUE**

8.      The allegations set forth in Paragraph 8 of the Complaint call for a legal conclusion and as such, no response is required.  To the extent a response is required, Defendants do not contest venue in the United States District Court for the Eastern District of Pennsylvania.  By way of further response, Defendants deny it engaged in any unlawful conduct.

**FACTUAL BACKGROUND**

9.      Defendants repeat and incorporate their previous responses in Paragraphs 1 through 8 as if set forth fully herein.

10.      The allegations set forth in Paragraph 10 of the Complaint call for a legal conclusion and, as such, no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs have filed this Complaint against Defendants alleging claims under the Age Discrimination in Employment Act ("ADEA").

11.      Denied.

**COUNT I**
**DENISE DOLAN AGAINST JAL EQUITY CORPORATION**
**AND MARKETING.COM**

12.      Defendants repeat and incorporate their previous responses in Paragraphs 1 through 11 as if set forth fully herein.

13.      Defendants admit Plaintiff Dolan purports to have been born on February 10, 1965.

14.      Admitted in part; denied in part.  Defendants admit only that SED is located at 2867 E. Allegheny Avenue, Philadelphia, PA 19134, and that Plaintiff Dolan began working there on or about June 1, 2015.  Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.      Defendants admit that MLLC acquired SED in or about December 2023.

16.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Dolan worked in the Accounting Department at Defendants' Philadelphia location.  Defendants lack sufficient knowledge or information as to what Plaintiffs mean by "many years" in Paragraph 16 of the Complaint, and Defendants therefore deny those allegations in Paragraph 16 of the Complaint.

17.     Admitted in part; denied in part. Defendants admit that Plaintiff Dolan was older than three of the four other employees in the Accounting Department at Defendants' Philadelphia location at the time of her termination on January 17, 2024, and that Plaintiff Dolan was not previously told of her termination.  Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Dolan was older than three of the four other employees in the Accounting Department at Defendants' Philadelphia location and those other employees were not terminated at the same time as Plaintiff Dolan.  The remaining allegations set forth in Paragraph 18 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants lack sufficient knowledge or information as to the allegations in Paragraph 19 of the Complaint regarding what Plaintiff was told, and Defendants therefore deny those allegations in Paragraph 19 of the Complaint.  By way of further response, Defendants provided a written policy regarding vacation accrual, which is a written document that speaks for itself; therefore, all allegations or mischaracterization of fact concerning the vacation accrual policy are denied.

20.     Admitted in part; denied in part.  Defendants admit only that an employee in the Accounting Department of Defendants' Philadelphia location who was younger than Plaintiff

Dolan assumed duties formerly performed by Plaintiff Dolan after Plaintiff Dolan's termination. The remaining allegations set forth in Paragraph 20 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Plaintiff Dolan's attendance and performance record are set forth in written documents that speak for themselves; therefore, all allegations or mischaracterization of fact concerning Plaintiff Dolan's attendance and performance record are denied.  Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     Denied.

## DOLAN COMPLAINTS OF AGE DISCRIMINATION TO THE EEOC AND THE PENNSYLVANIA HUMAN RELATIONS COMMISSION

23.     Defendants repeat and incorporate their previous responses in Paragraphs 1 through 22 as if set forth fully herein.

24.     The Charge of Discrimination referenced in Paragraph 24 of the Complaint is a written document that speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the referenced Charge of Discrimination are denied.

25.     The Charge of Discrimination referenced in Paragraph 25 of the Complaint is a written document that speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the referenced Charge of Discrimination are denied.

26.     Defendants admit that the Right to Sue letter attached as Exhibit A to the Complaint is dated March 18, 2024.  By way of further response, the Right to Sue letter referenced in Paragraph 26 of the Complaint and attached as Exhibit A to the Complaint is in writing and speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the Right to Sue letter are denied.

27.     The allegations set forth in Paragraph 27 of the Complaint call for a legal conclusion and as such, no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs filed the Complaint on May 18, 2024.

**CLAIM FOR RELIEF**
**AGE DISCRIMINATION (ADEA)**
**DOLAN V. MARKETING.COM AND JAL EQUITY CORPORATION**

28.     Defendants repeat and incorporate their previous responses in Paragraphs 1 through 27 as if set forth fully herein.

29.     The allegations set forth in Paragraph 29 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

30.     The allegations set forth in Paragraph 30 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

31.     The allegations set forth in Paragraph 31 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

32.     Defendants admit only that Plaintiff Dolan purports to seek attorneys' fees and costs under 29 U.S.C. Section 626(b).  Defendants deny that Plaintiff Dolan is entitled to any such requested relief and/or damages.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct and that Plaintiffs suffered any damages.

**PRAYER FOR RELIEF**

As to Plaintiff Dolan's Prayer for Relief, including subparts (a) through (g), Defendants deny the allegations and the appropriateness or permissibility of the relief sought therein and specifically deny that Plaintiff Dolan is entitled to any relief and/or damages.

**COUNT II**
**KATHLEEN WIBLE AGAINST JAL EQUITY CORPORATION AND MARKETING.COM**

33.     Defendants repeat and incorporate their previous responses in Paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34.     Defendants admit that Plaintiff Wible purports to have been born on August 15, 1959.

35.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wible began working for Graphic Arts, Inc. on or about July 1999.  Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.     Denied.  By way of further response, Graphic Arts, Inc. is a wholly owned subsidiary of SED.

37.     Defendants admit that MLLC acquired SED on December 1, 2023.

38.     Admitted in part; denied in part.  Defendants admit only that MLLC is a wholly owned subsidiary of JAL Equity.  Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wible performed clerical duties for the Accounting Department from on or about July 1999 to January 2024. Defendants lack sufficient knowledge or information regarding the remaining allegations

contained in Paragraph 39 of the Complaint pertaining to Plaintiff Wible's job positions from 1991 to July 1999, and Defendants therefore deny those allegations in Paragraph 39 of the Complaint.

40.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wible was older than and had worked at the location longer than the four other employees in the Accounting Department at Defendants' Philadelphia location at the time of her termination and that she was not previously told of her termination.  Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wible was older than the other four other employees in the Accounting Department at Defendants' Philadelphia location and three of those other employees were not terminated at the same time as Plaintiff Wible and Plaintiff Dolan.  The remaining allegations set forth in Paragraph 41 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Admitted in part; denied in part.  Defendants admit only that the three employees in the Accounting Department at Defendants' Philadelphia location who were not terminated at the same time as Plaintiff Wible and Plaintiff Dolan were younger than Plaintiff Wible and Plaintiff Dolan.  The remaining allegations set forth in Paragraph 42 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wible received an offer letter from Defendants stating that her seniority date with SED would be honored.  Defendants lack sufficient knowledge or information as to the allegations in Paragraph 43 of the Complaint regarding what Plaintiff was told, and Defendants therefore deny those allegations in

Paragraph 43 of the Complaint. By way of further response, Defendants provided a written policy regarding vacation accrual, which is a written document that speaks for itself; therefore, all allegations or mischaracterization of fact concerning the vacation accrual policy are denied.

44.     Admitted in part; denied in part. Defendants admit only that an employee in the Accounting Department at Defendants' Philadelphia location who was younger than Plaintiff Wible assumed duties formerly performed by Plaintiff Wible after Plaintiff Wible's termination. The remaining allegations set forth in Paragraph 44 of the Complaint call for legal conclusions and as such, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.     Plaintiff Wible's attendance and performance record are set forth in written documents that speak for themselves; therefore, all allegations or mischaracterization of fact concerning Plaintiff Wible's attendance and performance record are denied. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46.     Denied.

**WIBLE COMPLAINTS OF AGE DISCRIMINATION TO THE EEOC AND THE PENNSYLVANIA HUMAN RELATIONS COMMISSION**

47.     Defendants repeat and incorporate their previous responses in Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

48.     The Charge of Discrimination referenced in Paragraph 48 of the Complaint is a written document that speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the referenced Charge of Discrimination are denied.

49.     The Charge of Discrimination referenced in Paragraph 49 of the Complaint is a written document that speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the referenced Charge of Discrimination are denied.

50.     Defendants admit that the Right to Sue letter attached as Exhibit B to the Complaint is dated May 6, 2024.  By way of further response, the Right to Sue letter referenced in Paragraph 50 of the Complaint and attached as Exhibit B to the Complaint is in writing and speaks for itself; therefore, all allegations or mischaracterizations of fact concerning the Right to Sue letter are denied.

## CLAIM FOR RELIEF
## AGE DISCRIMINATION (ADEA)

51.     Defendants repeat and incorporate their previous responses in Paragraphs 1 through 50 of the Complaint as if set forth fully herein.

52.     The allegations set forth in Paragraph 52 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

53.     The allegations set forth in Paragraph 53 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

54.     The allegations set forth in Paragraph 54 of the Complaint call for legal conclusions and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct.

55.     Defendants admit only that Plaintiff Wible purports to seek attorneys' fees and costs under 29 U.S.C. Section 626(b).  Defendants deny that Plaintiff Wible is entitled to any such

requested relief and/or damages.  By way of further response, Defendants specifically deny they engaged in any unlawful or discriminatory conduct and that Plaintiffs suffered any damages.

## PRAYER FOR RELIEF

As to Plaintiff Wible's Prayer for Relief, including subparts (a) through (g), Defendants deny the allegations and the appropriateness or permissibility of the relief sought therein and specifically deny that Plaintiff Wible is entitled to any relief and/or damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All decisions made regarding Plaintiffs' employment were made for legitimate nondiscriminatory and non-retaliatory business reasons unrelated to their membership in any protected class and/or engaging in protected activity.

### THIRD AFFIRMATIVE DEFENSE

None of the actions taken by Defendants with respect to Plaintiffs were motivated by discriminatory or retaliatory animus. Even if any actions of Defendants upon which any claims are based were motivated by any impermissible factors, which Defendants deny, the same actions would have been taken in the absence of any such impermissible motivating factors.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for liquidated damages against Defendants because at all times Defendants made good faith efforts to comply with all applicable laws and did not act with malice or willful and/or reckless disregard or indifference toward Plaintiffs' rights or interests.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, to the extent that they failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants each have in place a clear, effective, well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiffs' claims are barred because: (1) Defendants took reasonable steps to prevent and correct workplace discrimination; (2) Plaintiffs unreasonably failed to use the preventative and corrective measures that Defendants provided; and (3) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs allegedly suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, release, laches, and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, for failure to comply with and/or exhaust administrative prerequisites and/or jurisdictional prerequisites to an action.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any injuries, the injuries are not due to the acts of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on incidents that occurred more than 180 days (or 300 days) prior to the filing of a Charge of Discrimination with the appropriate administrative agency.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiffs' Complaint or any purported cause of action alleged therein is barred in whole or in part by after-acquired evidence, which independently justified Plaintiffs' termination.

Defendants' Answer and Affirmative Defenses are based upon the specific allegations in the Complaint, and Defendants reserve the right to amend this Answer or add additional Affirmative Defenses if and when they become known.

**WHEREFORE**, Defendants respectfully request Plaintiffs' Complaint be dismissed with prejudice and judgment be entered in Defendants' favor along with all costs, counsel fees, and any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Wayne Pinkstone*

Wayne E. Pinkstone, Esq.
Emily Santoro, Esq.
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800 (Phone)
(215) 995-2801 (Fax)
wayne.pinkstone@ogletree.com
emily.santoro@ogletree.com

Date: September 4, 2024                    *Attorneys for Defendants JAL Equity*
                                           *Corporation and Marketing.com, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENISE DOLAN, | : |
| and | : CIVIL ACTION |
| | : |
| KATHLEEN WIBLE, | : Case No. 2:24-cv-02135-MMB |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| JAL EQUITY CORPORATION, | : |
| and | : |
| MARKETING.COM, | : |
| Defendants. | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of September, 2024, Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint was electronically filed with this Court, and my be viewed and downloaded from the ECF System.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Wayne E. Pinkstone*
Wayne E. Pinkstone

*Attorney for Defendants*